UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

DAYSPARKLES OLIVER,            )
                               )
       Plaintiff,              )
                               )
v.                             )   No. 3:20-cv-258-PLR-DCP
                               )
KNOX COUNTY TENNESSEE, et al., )
                               )
       Defendants.             )

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiff's Motion for Leave to Make Limited Appearance [Doc. 13] and Motion to Withdraw Motion for Leave to Make Limited Appearance [Doc. 20]. Attorney Jeffrey C. Coller first sought to enter a limited appearance on behalf of the Plaintiff, appearing in place of attorney Herbert Moncier, who is not currently admitted to practice in the Eastern District of Tennessee. *See* In re: Herbert Moncier, No. 1:08-MC-9-TAV-SKL. Attorney Coller now seeks to withdraw his appearance as attorney over concerns as to the ability of Mr. Moncier to consult in this matter.

The Court notes that Attorney Coller is the attorney of record for Plaintiff.[1] He filed several motions on Plaintiff's behalf, including a motion for enlargement of time to respond to Defendant's motion for summary judgment [Doc. 15], which stated it was being filed by Plaintiff acting *pro*

---

[1] Local Rule 83.4(b) provides that the filing of any pleading, unless otherwise specified, constitutes an appearance by the person who signed the pleading.

*se*, but it was still signed by Attorney Coller. The Court will not recognize Attorney Coller's effort to limit his representation of Plaintiff under these circumstances, and will deem Attorney Coller's motion to withdraw his motion to make a limited appearance as a motion to withdraw as attorney of record.

This District has enacted Local Rules which govern the withdrawal of counsel. Specifically, pursuant to Local Rule 83.4, in order to withdraw from a case, an attorney must do the following:

> (1) File a motion with the Court requesting permission to withdraw as counsel of record;
>
> (2) Include in the motion the current mailing address and telephone number of the client;
>
> (3) Unless the motion is signed by both the attorney and the client or a consent to the withdrawal signed by the client is attached to the motion, provide a copy of the motion to the client at least 14 days prior to the date the motion is filed;
>
> (4) If a hearing date on the motion is set, certify in writing to the Court that the client was served at least 7 days before the hearing with notice (i) of the date, time, and place of hearing and (ii) that the client as a right to appear and be heard on the motion; and
>
> (5) Certify to the Court that the above requirements have been met.

In this instance, Attorney Coller has not complied with the Rule, as his motion to withdraw does not provide the current mailing address and phone number of Plaintiff and does not include Plaintiff's signature or consent.

Accordingly, because the Motion does not comply with the Local Rule 83.4, the Motion to Withdraw [**Doc. 20**] is **DENIED WITHOUT PREJUDICE**. Attorney Coller may refile a Motion to Withdraw consistent with the Local Rule of this Court. **[Doc. 13]** is **DEEMED A NOTICE** and shall be reflected as such in the docket entry. Furthermore, Plaintiff may not file documents or otherwise act *pro se* unless and until Attorney Coller withdraws from the case. *See* E.D. Tenn. L.R. 83.4(c).

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge