UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| DAYSPARKLES OLIVER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:20-cv-258-PLR-DCP ) |
| KNOX COUNTY TENNESSEE, et al., | ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Attorney Jeffrey Coller's Motion for Leave to Withdraw as Attorney of Record for Plaintiff [Doc. 26], filed on September 18, 2020. Previously, the Court detailed that Attorney Coller originally sought to enter a limited appearance on behalf of the Plaintiff, appearing in place of attorney Herbert Moncier, who is not currently admitted to practice in the Eastern District of Tennessee, *See In re: Herbert Moncier*, No. 1:08-MC-9-TAV-SKL, but moved to withdraw his appearance as attorney of record over concerns as to the ability of Mr. Moncier to consult in this matter. [Doc. 26]. However, because Attorney Coller's Motion to Withdraw [Doc. 20] did not comply with Local Rule 83.4, the motion was subsequently denied without prejudice. Attorney Coller has now included Plaintiff's current mailing address and phone number, and the motion has been signed by both Plaintiff and Attorney Coller.

Pursuant to Local Rule 83.4, in order to withdraw from a case, an attorney must do the following:

> (1) File a motion with the Court requesting permission to withdraw as counsel of record;
>
> (2) Include in the motion the current mailing address and telephone number of the client;

(3) Unless the motion is signed by both the attorney and the client or a consent to the withdrawal signed by the client is attached to the motion, provide a copy of the motion to the client at least 14 days prior to the date the motion is filed;

(4) If a hearing date on the motion is set, certify in writing to the Court that the client was served at least 7 days before the hearing with notice (i) of the date, time, and place of hearing and (ii) that the client as a right to appear and be heard on the motion; and

(5) Certify to the Court that the above requirements have been met.

E.D. Tenn. L.R. 83.4(g).

The Court finds that all the requirements of Local Rule 83.4(g) have now been satisfied. Accordingly, the Motion to Withdraw as Counsel for Plaintiff [Doc. 26] is hereby **GRANTED.** Attorney Jeffrey Coller is **RELIEVED** of his duties as counsel in this case. The Court expects Attorney Coller to provide copies of any relevant documents to any future counsel for Plaintiff or directly to Plaintiff upon request.

Plaintiff is hereby **ADMONISHED** that she is **DEEMED** to be proceeding pro se. Until she obtains substitute counsel, it is her obligation to stay up to date on the status of this case and comply with the deadlines set by the Court. Likewise, if she elects to proceed in this case without an attorney, she is responsible for complying with all deadlines set by the Court and responding to any requests for relief by other parties, *see* E.D. Tenn. L.R. 7.1. Plaintiff, like any other party, will be expected to comply with the Federal Rules of Civil Procedure, the Local Rules, and the Court's Orders. The Clerk of Court is **DIRECTED** to mail a copy of this Memorandum and Order to the Plaintiff at the address provided in the Motion to Withdraw and to update ECF accordingly.

**IT IS SO ORDERED**.

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge